# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

George Benjamin Martin,
    Petitioner,

vs.                                     Case No. 1:08-cv-313
                                          (Spiegel, S.J.; Black, M.J.)

Summit Behavioral Healthcare Center,
    Respondent.

## REPORT AND RECOMMENDATION

      Petitioner, who has been involuntarily confined at the Summit Behavioral Healthcare Center ("Summit") in Cincinnati, Ohio, has filed a *pro se* petition for writ of habeas corpus apparently pursuant to 28 U.S.C. § 2254. In the one-page petition filed in May 2008, petitioner alleges that he "was taken off the street with no arrest" and has been held "against [his] will ... since April 13, 2008." (Doc. 2). He states:

> I am now being held at Summit ... against my will. It is a legal fact that I am not mentally ill because I have not been declared mentally ill by any county judge in any hospital or court. This is why I refuse to take any medication. Because by law I am not mentally ill.

(*Id.*). Respondent has filed a return of writ responding to the petition. (Doc. 16).

## Procedural History

It appears from the present record that petitioner was admitted to Summit on April 25, 2008 pursuant to an order entered on April 23, 2008 by the Hamilton County, Ohio, Municipal Court in a criminal case against petitioner. (*See id.,* Exs. A-B). The court order provided in pertinent part:

> This Court, having found the defendant herein is not competent to stand trial, but there is substantial probability (he/she) will become competent to stand trial within one year if provided a course of treatment.
>
> HEREBY ORDERS this defendant to undergo treatment at ... Summit ... pursuant to R.C. 2945.38, and the qualified examiner of said institution is hereby authorized to administer any medication which he/she determines to be necessary to the proper treatment of said defendant to restore competency.
>
> The Court FURTHER ORDERS the person supervising treatment to file a written report with the Court ... at the following times:
>
> 1. Whenever the defendant is competent to stand trial.
>
> 2. Whenever there is no substantial probability the defendant will become competent to stand trial.
>
> 3. Ten days before expiration of maximum time of 60 days.
>
> ****
>
> If the examiner finds that the defendant is not competent to stand trial, he/she shall state an opinion on the likelihood of the defendant's becoming competent to stand trial within one year.
>
> The Court further orders that treatment not exceed 60 days for a 1st or 2nd degree misdemeanor.

(*Id.,* Ex. A).

In a letter dated May 19, 2008, Summit's acting Director of Forensic Services notified the court that petitioner was refusing to take medications and that "this patient requires involuntary medications in order to treat his mental illness." (*Id.,* Ex. B).

On May 30, 2008, the Hamilton County Municipal Court issued an order finding that petitioner "is presently not competent [t]o stand trial and is a mentally ill person as defined in Section 5122.01, and [c]annot be restored for competency within one year with treatment." (*Id.,* Ex. C). The criminal case was dismissed with directions to the "Court Administrator for the Hamilton County Municipal Court to file an affidavit in the Probate Court of Hamilton County ... as per R.C. 2945.38(H); R.C. 5122.11." (*Id.*).

On June 2, 2008, the Municipal Court administrator filed an affidavit of mental illness, notifying the Probate Court of his belief that (1) petitioner represented "a substantial and immediate risk of physical impairment or injury to himself as manifested by evidence that he is unable to provide for and is not providing for his basic physical needs because of his mental illness and appropriate provision for such needs cannot be made immediately available in the community;" and (2) petitioner would "benefit from treatment in a hospital for his mental illness and is in need of such treatment as manifested by evidence of behavior that creates a grave and imminent risk to substantial rights of others or himself." (*Id.,* Ex. D).

The affidavit also contained the following summary of facts in support of the court administrator's belief:

> Mr. Martin is a 52 year old white male with Bipolar Affective Disorder with Psychotic Features and Tobacco Dependence who presented to SBH for Restoration to Competency ... on 4/025/08 on charges of Criminal Trespassing and Assault.
>
> Mr. Martin has reported that prior to his admission, he was the victim of 4 crimes: attempted murder, battery, bearing false witness, and lying to a police officer. He explained in a manic disorganized fashion that he sent a letter to a magistrate about his detention and that he was going to "be let out somehow/someway." He went on to say

3

that the judge has "no choice" but "to let me out," and that he would
file a habeas corpus petition.

Mr. Martin refuses to attend any groups on the unit, including the
Court-Ordered Restoration to Competency Group. He has
consistently denied that he suffers from a mental illness. "That's your
opinion. Nobody knows what's going on in this country besides me."
However he did acknowledge that in the distant past he had been "put
on nut medicine" for bipolar disorder. But added that he had not
taken meds for a long time and had gotten along fine.

Mr. Martin refuses to take any of his prescribed medication. Mr.
Martin has at various times been verbally abusive and threatening
towards staff members. On one occasion, he escalated to the point
that emergency medications were required. When he received them,
his manic symptoms were temporarily relieved. He did not suffer side
effects to the medication.

Mr. Martin came to SBH in a manic state. His irritable mood and
paranoia dominate his perceptions and continue to impair his
judgment and interfere with his ability to participate in his defense.

Continued hospitalization is required.

(*Id.*).[1]

On June 2, 2008, the Probate Court issued a "Temporary Order of Detention" for petitioner's confinement at Summit. (*Id.,* Ex. E). Respondent states that petitioner had his first hearing before the Probate Court on June 5, 2008. (*Id.,* Brief, p. 2). Upon evidence presented at that hearing, the Probate Court entered an order finding "by clear and convincing evidence that said person is mentally ill, subject to commitment by court order and in need of treatment;" it was ordered that petitioner be "placed in the care of" Summit and that "another full hearing pursuant to §5122.15 of the Ohio Revised Code shall be had on August 13, 2008." (*Id.,* Ex.

---

[1] It is noted that as he apparently reported to authorities, petitioner did in fact file the instant habeas petition seeking "to be let out" of his confinement in May 2008 before the criminal case was dismissed and the matter was referred to the Probate Court.

4

F).

It appears from the record that the August 13, 2008 hearing was held as ordered. (*See id.,* Ex. G). On the same date, the Probate Court entered an order continuing petitioner's confinement at Summit based on its finding "by clear and convincing evidence that said person is mentally ill, subject to commitment by court order and in need of treatment." (*Id.*). The next hearing date was scheduled for January 28, 2009, with the caveat that Summit "shall notify this Court in writing of any change in the [petitioner's] status." (*Id.*).

Respondent filed the return of writ in the instant action in September 2008, prior to petitioner's next scheduled hearing date. The record has not been updated since the return of writ was filed, and therefore, the undersigned is unaware of the outcome of the January 28, 2009 hearing or if there was any other change in petitioner's confinement status.

## OPINION

### The Petition Should Be Dismissed Without Prejudice On Exhaustion Grounds

It is well-settled that federal habeas corpus review under 28 U.S.C. § 2254 is available to detainees, like the instant petitioner,[2] seeking to challenge the legality of a state court order of involuntary civil commitment. *See Duncan v. Walker,* 533 U.S. 167, 176 (2001) (citing *Francois v. Henderson,* 850 F.2d 231 (5th Cir. 1988), which involved a § 2254 petition challenging a court order of commitment to a state mental institution upon a finding of not guilty by reason of insanity); *see also Huftile v. Miccio-Fonseca,* 410 F.3d 1136, 1139-40 (9th Cir. 2005), *cert. denied,* 547 U.S. 1166 (2006).

However, an application for a writ of habeas corpus under § 2254 shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1).

---

[2] Although the record has not been updated, the undersigned assumes, without deciding, that petitioner is still confined at Summit and thus continues to satisfy the "in custody" requirement for habeas jurisdiction under 28 U.S.C. § 2254.

A state detainee with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect constitutional rights, and in order to prevent needless friction between state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). To fulfill the exhaustion requirement, the state detainee must provide the state courts with "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the state's highest court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions under 28 U.S.C. § 2254, *see Rhines v. Weber,* 544 U.S. 269, 275 (2005), some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed on exhaustion grounds and petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the applicable limitations period set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002);

*Palmer v. Carlton,* 276 F.3d 777, 778-81 (6th Cir. 2002).[3]

In *Rhines*, 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276-77 (quoting *Lundy,* 455 U.S. at 520).

The Court went on to determine that:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

---

[3] This stay-and-abeyance approach was first suggested by Justice Stevens in a concurring opinion joined by Justice Souter in *Duncan v. Walker,* 533 U.S. 167 (2001), wherein the Court held that a federal habeas petition is not an "application for State post-conviction or other collateral review" that tolls the one-year limitations period under 28 U.S.C. § 2244(d)(2). In his concurrence, Justice Stevens stated that the court should exercise its equitable authority for "the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted," by either staying the original petition while the petitioner returns to the state courts to exhaust his state remedies, or by tolling the statute of limitations for any such petition dismissed without prejudice on exhaustion grounds. *See Duncan,* 533 U.S. at 182-84.

7

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277-78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In this case, as respondent has pointed out in the return of writ (Doc. 16, pp. 2-3), petitioner has never sought to challenge his confinement at Summit in the state courts despite the fact that state remedies are available for him to pursue. Specifically, petitioner may pursue the remedy set forth in Ohio Rev. Code § 5122.15(H), which provides in pertinent part that "[u]pon the request of a person involuntarily committed under this section, ... made more than one hundred eighty days after the person's last full hearing, mandatory or requested, the court *shall* hold a full hearing on the person's continued commitment." (Emphasis added).[4] Orders rendered in such proceedings are appealable and thus subject to review by the state's highest court. *See Roden v. Hubbard,* 417 N.E.2d 1255, 1257 (Ohio 1981) (*per curiam*).

Moreover, to the extent that petitioner seeks to raise claims which "cannot be properly addressed in the periodic hearings provided for in R.C. 5122.15(H)," he may pursue relief by way of a habeas corpus petition under Ohio Rev. Code § 5122.30. *Id.*; *cf. Brewer v. Dahlberg,* 942 F.2d 328, 339 (6th Cir. 1991) (discussing *In re Fisher,* 313 N.E.2d 851 (Ohio 1974), wherein the Supreme Court of Ohio "held that a petition for habeas corpus will lie to determine whether a person was not afforded counsel and thereby denied due process in a noncriminal involuntary civil commitment proceeding," because such relief was "the only

---

[4] The Supreme Court of Ohio has held that this statutory provision "provides for periodic subsequent review to be initiated by those persons involuntarily committed," and that the "full hearing provided by R.C. 5122.15 affords the person committed with extensive and adequate benefits and safeguards assuring the adequacy of the hearing on his mental condition, together with the usual rights of appeal from adverse appealable orders." *Roden v. Hubbard,* 417 N.E.2d 1255, 1257 (Ohio 1981).

8

available remedy for the vindication of the petitioner's constitutional right to due process").

Because petitioner thus has not exhausted available state court remedies, his habeas corpus petition is subject to dismissal without prejudice. A stay is not warranted in this case because petitioner has not shown good cause or indeed offered any explanation for his failure to pursue relief in the state courts; in addition, it appears from the present record that petitioner's unexhausted claim for relief is "plainly meritless." *See Rhines,* 544 U.S. at 277-78. Petitioner alleges in the petition only that he has been confined against his will in the absence of an arrest or court order declaring that he is mentally ill. (Doc. 2). This claim, however, is belied by the state record that has been provided by respondent in response to petitioner's allegations. (*See* Doc. 16).

Accordingly, it is **RECOMMENDED** that petitioner's petition for writ of habeas corpus (Doc. 2) be **DISMISSED** without prejudice to refiling after petitioner exhausts the available state court remedies discussed herein.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) be **DISMISSED** without prejudice to refiling after petitioner has exhausted the available state court remedies discussed herein, which are set forth in Ohio Rev. Code § 5122.15(H) and, to the extent petitioner's claims are not covered by § 5122.15(H), in Ohio Rev. Code § 5122.30.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state remedies and that this case should be dismissed without prejudice pending exhaustion of such remedies.[5]

---

[5] Because the undersigned finds that the first prong of the *Slack* standard has not been met in this case, the second prong of *Slack* need not be addressed as to whether "jurists of reason" would find it debatable that petitioner has stated a viable constitutional claim in his habeas petition. *See Slack,* 529 U.S. at 484. However, as discussed above, it also appears that petitioner's claim lacks any merit..

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 9/23/09                          s/Timothy S. Black
    cbc                                            Timothy S. Black
                                                       United States Magistrate Judge

J:\BRYANCC\2009 habeas orders\08-313dism-exh.invol-civil-commitment.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

George Benjamin Martin,
    Petitioner

vs.                                Case No. 1:08cv313
                                      (Spiegel, S.J.; Black, M.J.)

Summit Behavioral Heathcare Center,
    Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation **within 10 days** after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within 10 days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).