```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

GEORGE BENJAMIN MARTIN,      :     NO. 1:08-CV-00313
                             :
                             :
       Petitioner,           :
                             :     **OPINION AND ORDER**
     v.                      :
                             :
SUMMIT BEHAVIORAL            :
HEALTHCARE CENTER,           :
                             :
       Respondent.           :


This matter is before the Court on the Magistrate Judge's September 24, 2009 Report and Recommendation (doc. 18). No Objection has been filed. For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation and DISMISSES Petitioner's pro se Petition for writ of habeas corpus without prejudice.

**I.  Background**

Petitioner filed his pro se Petition for Writ of Habeas Corpus on May 6, 2008 apparently pursuant to 28 U.S.C. § 2254 (doc. 2). Petitioner alleges he has been involuntarily confined at the Summit Behavioral Healthcare Center ("Summit") in Cincinnati, Ohio (doc. 18). Petitioner further alleges in his one-page petition that he was "taken off the street with no arrest" and held against his will since April 13, 2008 (doc. 2). Petitioner states "[i]t is a legal fact that I am not mentally ill because I have not been declared mentally ill by any county judge in any hospital or court"

(Id.). The Magistrate Judge's Report and Reccomendation gives a detailed account of the procedural history in Petitioner's case, which this Court incorporates by reference (doc. 18). In short, Hamilton County Municipal Court conducted a series of hearings and issued multiple court orders during May 2008 through August 2008 regarding Petitioner's competency pursuant to a criminal case against him (Id.). Specifically, in June 2008, the Probate Court issued a "Temporary Order of Detention" for Petitioner's confinement at Summit and found by "clear and convincing evidence that said person is mentally ill, subject to commitment by court order and in need of treatment" (doc. 18). The Probate Court additionally entered an order in August 2008 continuing Petitioner's confinement at Summit, and scheduled another hearing for January 28, 2009 (Id.). Because the record in the instant case has not been updated since September 2008, the Court is unaware of the outcome of the January 2009 hearing or if there has been any other change in Petitioner's confinement status. However, the Magistrate Judge's Report and Recommendation assumes, without deciding, that Petitioner is still confined at Summit for jurisdictional purposes under 28 U.S.C. § 2254(b)(1) (Id.).

**II. The Magistrate's Report and Recommendation**

In his Report and Recommendation, the Magistrate Judge recommended that the petition should be dismissed without prejudice for failing to exhaust state remedies pursuant to 28 U.S.C. §

2254(b)(1). Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus shall be denied where the state petitioner fails to exhaust all available remedies in state court (Id.). A petitioner must allow state courts an opportunity to consider their federal claims because state courts have an obligation to protect constitutional rights through a state's process of appellate review, "which in Ohio, includes discretionary review of the state's highest court" (Id. see, O'Sullivan v. Boerckel, 526 U.S. 838,842 (1999); Haifley v. Sowders, 902 F.2d 480,483 (6th Cir. 1990); Leroy v. Marshall, 757 F.2d 94, 97, 99-100 (6th Cir. 1985), cert denied, 474 U.S. 831 (1985)).

The petitioner who fails to raise claims through the appellate review process, where an avenue yet remains, is subject to a dismissal without prejudice of his petition pursuant to 28 U.S.C. § 2254(c) (Id.). In addition to the requirement that claims be exhausted through the state courts prior to filing a federal habeas petition, Congress imposed a "one-year statute of limitations on [their] filing" in 1996 through the Antiterrorism and Effective Death Penalty Act (AEDPA) (Id.). This second requirement has led some federal courts, including the Sixth Circuit, to embrace a procedure by which habeas review is stayed and placed in abeyance (Id.). This process protects those cases, where a petition is timely filed but dismissed without prejudice for failure to exhaust, from being outside the statutory time limit

-3-

when a subsequent petition is filed after state claims have finally been exhausted (Id. citing Griffin v. Rogers, 308 F.3d 647, 652 & n.1 (6th Cir. 2002); Palmer v. Carlton, 276 F.3d 777, 778-81 (6th Cir. 2002)). While the Supreme Court in Rhines v. Weber, 544 U.S. 269, 277-78 (2005), affirmed the district court's decision to issue stay and abeyance in habeas proceedings, it cautioned that those orders should be "available only in limited circumstances" where there is a showing by the Petitioner of "good cause" (Id.).

In the instant case, the Magistrate Judge signaled that Petitioner has never sought to challenge his confinement at Summit in state court even though state remedies are available for him to pursue (doc. 18). Specifically, the Magistrate Judge opined that Petitioner may pursue the remedies set forth in Ohio Rev. Code § 5122.15, which provides that "the court shall hold a full hearing on the person's continued commitment," upon the request of "a person involuntarily committed under this section. . . made more than one hundred and eighty days after the person's last full hearing, mandatory or requested" (doc. 18). Additionally, to the extent that Petitioner seeks to raise claims which cannot be properly addressed in the hearings R.C. 5122.15(H) provides, the Magistrate Judge indicated Petitioner may also pursue relief by way of a habeas corpus petition under Ohio Rev. Code § 5122.30. See Rodden v. Hubbard, 417 N.E.2d 1255, 1257 (Ohio 1981) (per curiam). Therefore, the Magistrate Judge determined that Petitioner has not

exhausted his available state court remedies and thus recommended his petition should be dismissed without prejudice. Additionally, the Magistrate Judge opined that a stay is not warranted in this case because Petitioner has failed to show good cause or offer any explanation for his failure to pursue relief in state court; and regardless, Petitioner's unexhausted claim appears "plainly meritless" (doc. 18, quoting Rhines, 544 U.S. at 277-78).

The Magistrate Judge next recommended that a certificate of appealability should not issue under the standard set forth in Slack v. McDaniel, 529 U.S. 743, 484-85 (2000), because "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" that Petitioner has failed to exhaust state remedies and thus this case should be dismissed without prejudice pending exhaustion of such remedies (doc. 18). Finally, the Magistrate Judge recommended that the Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in "good faith," and therefore the Court should deny Petitioner leave to appeal in forma pauperis upon a showing of financial necessity (Id.).

**III. Discussion**

Having reviewed this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned and correct. The Court agrees with the Magistrate Judge's recommended decision, and finds dismissal of Petitioner's petition for habeas

corpus without prejudice appropriate.

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety (doc. 18), DISMISSES Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (doc. 2) without prejudice to refiling after Petitioner has exhausted the available state court remedies set forth in Ohio Rev. Code § 5122.15(H) and, to the extent Petitioner's claims are not covered by Section 5122.15(H), in Ohio Rev. Code § 5122.30. The Court further FINDS that a Certificate of Appealability should not issue in this case, under the standard set forth in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" that Petitioner has failed to exhaust state remedies and that this case should be dismissed without prejudice pending exhaustion of such remedies. Finally, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith, and therefore the Court DENIES Petitioner leave to appeal in forma pauperis upon a showing of financial necessity. Fed. R. App. 24(a), Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997). SO ORDERED.

Dated: November 19, 2009   /s/ S. Arthur Spiegel
                           S. Arthur Spiegel
                           United States Senior District Judge